14 CV 7068



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER ARKHANGUELSKI,

                                    Plaintiff,

                v.

POLICE OFFICER WILLIAM SMILEY,

                                    Defendant.

ECF CASE

Case No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, Peter Arkhanguelski, by his attorney, Steven M. Warshawsky, for his complaint against the defendant and alleging as follows:

## NATURE OF THE CASE

1.    This is a civil rights action under 42 U.S.C. § 1983 arising from the plaintiff's unlawful arrest on October 27, 2013, by an officer of the New York City Police Department. The officer subjected the plaintiff to false arrest, false imprisonment, malicious prosecution, and other abuses of police authority, without probable cause, arguable probable cause, or other legal justification. The plaintiff is entitled to compensatory damages for the harms he suffered as a result of the defendant's unconstitutional conduct, punitive damages to punish and deter the defendant and other police officers from engaging in similar unconstitutional conduct in the future, attorney's fees and costs, and all other available legal and equitable relief. The plaintiff demands trial by jury.

## PARTIES

2.      Plaintiff **Peter Arkhanguelski** is a citizen of New York, and resides in Brooklyn, New York.  Mr. Arkhanguelski has been a street artist for approximately eight years and regularly sells his artwork to the public.

3.      Defendant **Police Officer William Smiley** (Shield No. 11333; Tax No. 940745) is an employee of the New York City Police Department located at One Police Plaza, New York, New York, 10038.  Upon information and belief, he is assigned to the Manhattan South Specialized Unit.  Officer Smiley personally participated in the unconstitutional conduct alleged in this lawsuit.  At all relevant times, Officer Smiley was acting under color of state law and in the scope of his employment with the NYPD.  Officer Smiley is being sued in his individual capacity under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

5.      This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district.

6.      There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

7.   The incident in this case took place on October 27, 2013, around 3:15 p.m., in front of 1586 Broadway in Manhattan (between 47th and 48th Streets).

8.   Mr. Arkhanguelski was selling wire art sculptures on a temporary folding table, approximately 2' x 4' in size, on the public sidewalk.  A small handwritten sign on the table read "WIRE ART $15 - $20."

9.   The wire art sculptures were in the shapes of various animals, flowers, musical instruments, and vehicles (airplanes, bicycles, motorcycles).  There were approximately thirty sculptures in total.

10.   At all relevant times, Mr. Arkhanguelski was not selling any goods or services except for the wire art sculptures.

11.   At all relevant times, Mr. Arkhanguelski was in compliance with applicable regulations governing sidewalk vending in New York City.

12.   At all relevant times, Mr. Arkhanguelski did not possess a general vendor license from the NYC Department of Consumer Affairs (DCA).

13.   The misdemeanor criminal complaint filed against Mr. Arkhanguelski in this case states, in relevant part, that "Police Officer William Smiley observed the defendant display and offer for sale motorcycle figurines. At the time of the above officer's observations, defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked."  Based on these observations, Officer Smiley arrested Mr. Arkhanguelski and charged him with violating the city's general vendor law (AC 20-453).

14.     There was no probable cause, arguable probable cause, or other legal justification for Mr. Arkhanguelski's arrest.

15.     A general vendor license was and is not required for Mr. Arkhanguelski to sell the wire art sculptures.

16.     According to the DCA website, a general vendor license is not required for persons who sell "artwork, including paintings, photographs, prints, and sculptures." Moreover, in 1996, the United States Court of Appeals for the Second Circuit ruled that the city's general vendor law was unconstitutional (in violation of the First Amendment) as applied to street artists. See Bery v. City of New York, 97 F.3d 689 (2d Cir. 1996). A DCA Street Vending Fact Sheet acknowledges that certain sales activities are protected by the First Amendment, explaining that "[m]erchandise such as paintings, illustrations, photographs and books can be sold without obtaining a license as these items are protected by the First Amendment, guaranteeing free speech."

17.     Officer Smiley knew or should have known that Mr. Arkhanguelski was not violating the city's general vendor law by selling the wire art sculptures. Indeed, Mr. Arkhanguelski tried to explain to Officer Smiley that a general vendor license is not required to sell artwork, but Officer Smiley would not listen.

18.     In the past, Mr. Arkhanguelski has had interactions with other police officers who understood and acknowledged that he did not require a general vendor license to sell artwork.

19.   Officer Smiley arrested Mr. Arkhanguelski, who was handcuffed behind his back and patted down.

20.   Officer Smiley confiscated six of the wire motorcycle sculptures, but none of the other shapes.   These sculptures subsequently were returned to Mr. Arkhanguelski.

21.   Mr. Arkhanguelski was transported to a police precinct near Canal Street in the Chinatown neighborhood.   He was placed in a holding cell. Mr. Arkhanguelski was detained until approximately 8:00 p.m., when he was issued a desk appearance ticket and released.

22.   The misdemeanor criminal complaint was filed on October 31, 2013. The complaint was sworn to by an employee of the District Attorney's Office based on a "supporting deposition" provided by Officer Smiley.

23.   Mr. Arkhanguelski appeared in criminal court on January 15, 2014, which required 2-3 hours of his time.   He refused to accept any plea bargain, including an adjournment in contemplation of dismissal (ACD), and demanded a trial.   The matter was adjourned and Mr. Arkhanguelski was released on his own recognizance.

24.   Mr. Arkhanguelski next appeared in criminal court on February 19, 2014, which required 2-3 hours of his time.   He again refused to accept any plea bargain, including an adjournment in contemplation of dismissal (ACD), and demanded a trial.   The matter was adjourned and Mr. Arkhanguelski was released on his own recognizance.

25.    Mr. Arkhanguelski next appeared in criminal court on March 5, 2014, which required 2-3 hours of his time.  He again refused to accept any plea bargain, including an adjournment in contemplation of dismissal (ACD), and demanded a trial.  The matter was adjourned and Mr. Arkhanguelski was released on his own recognizance.

26.    Mr. Arkhanguelski next appeared in criminal court on March 26, 2014, which required 2-3 hours of his time.  He again refused to accept any plea bargain, including an adjournment in contemplation of dismissal (ACD), and demanded a trial.  The matter was adjourned and Mr. Arkhanguelski was released on his own recognizance.

27.    Mr. Arkhanguelski next appeared in criminal court on April 23, 2014, which required 2-3 hours of his time.  He again refused to accept any plea bargain, including an adjournment in contemplation of dismissal (ACD), and demanded a trial.  The matter was adjourned and Mr. Arkhanguelski was released on his own recognizance.

28.    Mr. Arkhanguelski next appeared in criminal court on May 7, 2014, which required 2-3 hours of his time.  He again refused to accept any plea bargain, including an adjournment in contemplation of dismissal (ACD), and demanded a trial.  The matter was adjourned and Mr. Arkhanguelski was released on his own recognizance.

29.    Mr. Arkhanguelski next appeared in criminal court on May 28, 2014, which required 2-3 hours of his time.  The matter was tried on this date

before Justice Anthony J. Ferrara.  Both Mr. Arkhanguelski and Officer Smiley

testified.   After hearing evidence and argument from the prosecutor and the

defendant, Justice Ferrara entered a "not guilty" verdict and the case was dismissed

and sealed.

## COUNT ONE:  FALSE ARREST/FALSE IMPRISONMENT
### (Section 1983; Officer Smiley)

30.    Plaintiff repeats and re-alleges Paragraphs 1-29 above.

31.    The elements of a claim for false arrest/false imprisonment

under Section 1983 are:  (1) the defendant intended to confine the plaintiff; (2) the

plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the

confinement: and (4) the confinement was not otherwise privileged.

32.    Officer Smiley intended to, and did, confine Mr. Arkhanguelski.

33.    Mr. Arkhanguelski was conscious of the confinement.

34.    Mr. Arkhanguelski did not consent to the confinement.

35.    The confinement was not otherwise privileged.

36.    There was no probable cause, arguable probable cause, or other

legal justification for Mr. Arkhanguelski's arrest and imprisonment by Officer

Smiley.

37.    Officer Smiley is not entitled to qualified immunity for falsely

arresting and imprisoning Mr. Arkhanguelski.

38.    Officer Smiley's actions violated Mr. Arkhanguelski's clearly

established rights under the Fourth Amendment.

39.   It was not objectively reasonable for Officer Smiley to believe that his actions did not violate Mr. Arkhanguelski's rights.

40.   Officer Smiley acted with intentional, knowing, callous, and/or reckless indifference to Mr. Arkhanguelski's rights.

41.   As a result of Officer Smiley's unconstitutional conduct, Mr. Arkhanguelski suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering (from being handcuffed), and other compensable injuries, for which he is entitled to an award of compensatory damages.

42.   Mr. Arkhanguelski is entitled to an award of punitive damages to punish Officer Smiley for his unconstitutional conduct and to deter him and other police officers from engaging in similar unconstitutional conduct in the future.

## COUNT TWO: MALICIOUS PROSECUTION
### (Section 1983; Officer Smiley)

43.   Plaintiff repeats and re-alleges Paragraphs 1-42 above.

44.   The elements of a claim for malicious prosecution under Section 1983 are:  (1) the defendant initiated a criminal prosecution against the plaintiff; (2) the defendant lacked probable cause; (3) the defendant acted with malice; and (4) the prosecution was terminated in the plaintiff's favor.

45.   Officer Smiley initiated a criminal prosecution against Mr. Arkhanguelski.

46.   Officer Smiley lacked probable cause to charge Mr. Arkhanguelski with any criminal offenses.

47.   Officer Smiley acted with malice.

48.   The prosecution was terminated in Mr. Arkhanguelski's favor.

49.   Mr. Arkhanguelski suffered a deprivation of liberty within the meaning of the Fourth Amendment because he was required to appear in court in connection with the criminal charges.

50.   Officer Smiley is not entitled to qualified immunity for maliciously prosecuting Mr. Arkhanguelski.

51.   Officer Smiley's actions violated Mr. Arkhanguelski's clearly established rights under the Fourth Amendment.

52.   It was not objectively reasonable for Officer Smiley to believe that his actions did not violate Mr. Arkhanguelski's rights.

53.   Officer Smiley acted with intentional, knowing, callous, and/or reckless indifference to Mr. Arkhanguelski's rights.

54.   As a result of Officer Smiley's unconstitutional conduct, Mr. Arkhanguelski suffered loss of liberty, insult and embarrassment, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

55.   Mr. Arkhanguelski is entitled to an award of punitive damages to punish Officer Smiley for his unconstitutional conduct and to deter him and other police officers from engaging in similar unconstitutional conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Peter Arkhanguelski hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendant for:

A.    Compensatory damages in an amount no less than $100,000;

B.    Punitive damages in an amount no less than $100,000;

C.    Pre-judgment and post-judgment interest as allowed by law;

D.    Attorney's fees, costs, and disbursements; and

E.    All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated:     September 2, 2014
           New York, NY

                        Respectfully submitted,

                        By:  _____
                             STEVEN M. WARSHAWSKY (SW 5431)
                             The Warshawsky Law Firm
                             Empire State Building
                             350 Fifth Avenue, 59th Floor
                             New York, NY  10118
                             Tel:  (212) 601-1980
                             Fax:  (212) 601-2610
                             Email:  smw@warshawskylawfirm.com
                             Website:  www.warshawskylawfirm.com